### INGRAM v. McCLURE et al.

(Court of Civil Appeals of Texas. Texarkana. Oct. 24, 1912.)

1. JUSTICES OF THE PEACE (§ 210*) — REVIEW BY CERTIORARI — JUDGMENT ON STATUTORY BOND.

Where defendant, against whom a default judgment was rendered in justice's court, brought the case to the county court by certiorari, giving the statutory bond, plaintiff, obtaining a judgment showing a trial on the merits in the county court, was entitled to judgment against the sureties on the bond filed in the county court, as required by Rev. Civ. St. 1911, art. 749.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 829; Dec. Dig. § 210.*]

2. STIPULATIONS (§ 6*)—REQUISITES OF WRITING—RULES OF COURT.

An agreement of counsel, to be enforceable, must be reduced to writing, signed, and filed, as required by district and county court rule 47 (142 S. W. xxi).

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 5–13; Dec. Dig. § 6.*]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by J. J. Ingram against R. C. McClure and another. From a judgment of the county court granting insufficient relief to plaintiff, on defendant bringing the case from justice's court to the county court by certiorari and giving the statutory bond, he appeals. Reformed and affirmed.

R. E. Carswell and Robert Carswell, both of Decatur, for appellant. C. V. Terrell, of Decatur, for appellees.

LEVY, J. [1, 2] The suit was filed in the justice's court on a promissory note, and a judgment by default was entered. The defendant R. C. McClure carried the case to the county court by certiorari, giving the statutory bond. The county court rendered judgment in favor of the plaintiff and against the defendants for the amount of the note, interest, and attorney's fees sued for, but refused to enter judgment against the sureties on the certiorari bond. The chief question presented on the appeal is on the action of the court in refusing to enter judgment against the sureties on the bond given. The plaintiff was entitled to have judgment rendered against the sureties on the certio-

rari bond. Article 749, R. S. of 1911; Yates v. Collins, 19 Tex. 138. The face of the judgment shows a trial on the merits, and not a judgment by agreement. For agreements of counsel to be enforced by the courts, the agreements must be made as provided by the rules of court. See rule 47 for district and county courts (142 S. W. xxi).

The judgment as entered by the trial court is here reformed so as to allow the plaintiff further to have judgment against C. B. Beard, J. A. Moore, and R. L. Hunt, sureties on the certiorari bond, for the amount of the judgment rendered against the defendants Fannie and R. C. McClure, and as so reformed the judgment is affirmed, costs of appeal to be taxed against appellees.